

IN THE SUPERIOR COURT OF GUAM

JAMES D.J. JI,

                Plaintiff,

    vs.

ALFRED B. TOVES,

                Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

CIVIL CASE NO. CV0118-09

DECISION & ORDER ON PLAINTIFF'S
MOTION FOR RECONSIDERATION

This matter came before the HONORABLE VERNON P. PEREZ on August 25, 2011 on Plaintiff's Motion for Reconsideration. Attorney Shane A. Intihar represented Plaintiff. Attorney John S. Unpingco represented Defendant. The Court took the motion under advisement. After having heard the Parties' arguments, considering the Parties' pleadings and the record, the Court now issues the following Decision and Order.

## BACKGROUND

Plaintiff alleges breach of contract and requests specific performance. In the procedural history of this case, Plaintiff has moved the Court to enter summary judgment in his favor. The Court denied Plaintiff's Motion for Summary Judgment via DNO filed July 7, 2011. Plaintiff then filed a Motion for Reconsideration on July 22, 2011. That Motion for Reconsideration is the current issue at hand. This Court will only address the Motion for Reconsideration and will not now revisit the underlying Motion for Summary Judgment.

## DISCUSSION

### I. Standard for Reconsideration

Generally, there are several grounds upon which a motion for reconsideration may be granted. These include situations where the trial court: 1) is presented with new evidence; 2) committed clear error or the decision was manifestly unjust; or 3) if there is an intervening change in controlling law." *Ward v. Reyes*, 1998 Guam 1, ¶ 10 (April 2, 1998) (citations omitted).[1] Under the Guam Rules of Civil Procedure, Rule 60(b) mistake, inadvertence, excusable neglect, fraud, and other justice based reasons exist as potential grounds for

---

[1] *See also* Rule 60(b).

reconsideration. In addition, "no motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion". CVR 7.1(i). Thus, the Court will only decide the issue of whether or not grounds for reconsideration exist.

## II.     Standard of Summary Judgment

Summary judgment shall be granted if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. A genuine issue exists when there is sufficient evidence establishing a factual dispute requiring resolution by a fact-finder. *Iizuka Corp. v. Kawasho Int'l Inc.,* 1997 Guam 10 ¶ 7; *T.W. Elect. Serv Inc. v. Pacific Elec. Contractors Ass'n.,* 809 F.2d 626, 630 (9th Cir. 1987). The factual dispute must concern a material fact. *Id.* Whether a fact is material is determined by the governing substantive law; if the fact may affect the outcome, it is material. *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Edwards Co . v. Kawasho Int'l Inc.,* 2000 Guam 27 ¶ 7.

Inferences must be drawn and evidence must be viewed in the light most favorable to the nonmoving party. The moving party carries the burden of showing the Court those portions of the relevant documents which it believes demonstrate the absence of an issue of material fact. *Edwards Co . v. Kawasho Int'l Inc.,* 2000 Guam 27 ¶ 7. The moving party is not required to negate each element of the non-moving party's case. Rather, the moving party satisfies and discharges its burden by establishing the absence of evidence to support the non-moving party's case. *Kim v. Hong,* CVA97-007, 3 (1997). If a lack of evidence is established by the moving party, the non-moving party must present specific facts showing there is a genuine issue for trial. The nonmoving party may not merely rely on conclusory allegations contained in the pleadings, but must present some significant probative evidence tending to support his assertion. *Id.* If the non-moving party fails to make a showing sufficient to establish the existence of an element essential to that party's case, for which the party will bear the burden of proof at trial, then Rule 56(c) requires entry of summary judgment against the non-moving party. *Celotex Corp. v. Catrett,* 477 U.S. 31(1986).

## III. Reconsideration

The thrust of Plaintiff's reconsideration argument is that there was clear Court error in its earlier decision. Other grounds for reconsideration are not present as there is no new evidence or a change in law. In essence, Plaintiff argues that the Court erred by finding that genuine issue exists as to Defendant's capacity to contract. The issue before the Court now is whether there was sufficient evidence put forth by Defendant to create issue as to the material fact of Defendant's competency to contract.[2] If the Court reviews the record and finds insufficient evidence present to create questions of Defendant's competency to contract, or other defenses, then there was clear error by the Court in denying summary judgment to Plaintiff. If the Court finds the previous decision manifestly unjust then reconsideration would also be warranted under the *Ward* decision.

The standard for reconsideration requires that Plaintiff make fresh arguments and not repeat argument made in the underlying motion. In Plaintiff's Motion for Reconsideration, Plaintiff argues that Defendant failed to contend that his Post Traumatic Stress Disorder (hereinafter "PTSD") actually affected his ability to contract at the time of contract formation. Plaintiff also contends that the Court erred when concluding that the 2005 and 2006 Contracts are mutually exclusive. Plaintiff does bring fresh arguments in the present motion as these issues are new and the Court may consider Plaintiff's Motion for Reconsideration. To support his assertion, Plaintiff makes several citations to persuasive authorities. Although those authorities are not controlling, they correctly put forward that evidence of mental disorders alone do not invalidate a contract. Nevertheless, the Court continues to find sufficient questions existing as to Defendant's mental state at the time of contract formation. The Court will discuss this finding below.

Plaintiff's strongest point in favor of reconsideration is his assertion that Defendant cannot rely on evidence he hopes to elicit at trial to support his opposition to summary judgment. *Kaiser Cement Corp. v. Fischback and Moore Inc.*, 793 F.2d 1100, 1104 (9th Cir.

---

[2] The fact that Defendant's capacity to contract is material to the case is not disputed by Plaintiff. As long as the fact may affect the outcome of the case, it is material. Here, a determination of Defendant's capacity to contract will affect the outcome of the case.

1986). The Court completely agrees with Plaintiff on this point. Therefore, reconsideration would be appropriate here if the Court relied on the possibility for Defendant to prove incapacity at trial instead of relying on evidence presented by Parties at the time the Court considered summary judgment. Presently, the Court continues to find that Defendant presented adequate evidence that he was suffering from PTSD around the times relevant to either or both contracts.[3] Moreover, this evidence was available to the Court during its determination of summary judgment. The Court also agrees with Plaintiff that Defendant has not yet proved the fact that he lacked capacity. The opposite is true. However, there exists far too many questions that the Court must resolve before deciding for either Party. Facts regarding Defendant's ability to contract regarding real property at the specific time of contract formation have not been completely fleshed out to the satisfaction of the Court. The Court will reassure Plaintiff that, at trial, it will be Defendant's obligation to persuade the Court to invalidate the 2005 and 2006 Contract. For now, the Court finds that it was correct in denying summary judgment as the Defendant created issue as to the highly material fact of Defendant's capacity to contract in his defense to summary judgment.

This Court never concluded that the 2005 or 2006 Contract is void due to Defendant's mental conditions. Alone, evidence of PTSD or any medical condition would never be enough to invalidate a contract. The Court did conclude, however, that Defendant's mental condition at the time of contract formation is an issue that remains in contest at this stage in the case. When denying summary judgment, the Court was uncomfortable deciding on the capacity issue because Defendant made a compelling argument that he has a mental condition that could be a defense to Plaintiff's claims. Defendant most likely suffers from PTSD. PTSD is a condition that may or may not temporarily affect the way a person behaves or thinks. The Court will not speculate as to the degree or effect of Defendant's mental condition. Defendant most likely began suffering from the condition before the Parties entered into the contracts. Therefore, there is enough evidence that the Court continues to feel uncomfortable in deciding on the Defendant's lucidity at the time of contract formation.

---

[3] Defendant submitted a letter from the Department of Veteran Affairs indicating that he suffers from PTSD.

On Plaintiff's other points, the Court agrees with Plaintiff that the two contracts are not mutually exclusive and either, or both, could be breached. The Court also agrees with Plaintiff that illiteracy alone cannot be a defense to a breach of contract claim. The Court does not find that these assertions, although correct, warrant reconsideration.[4] The Court must deny summary judgment if there is sufficient evidence that issue arises as to material facts that must be decided by the fact-finder. Therefore, the Court must not grant reconsideration here if it concludes that it did not err in its finding that such issues exist.

Specifically, material questions of fact exist here on whether or not Defendant was even able to enter into a contract. These issues must be decided before the Court may grant judgment to Plaintiff. Of course, the Court understands that if Defendant is unable to dispute his ability to contract regarding the real property at issue, the Case should be decided in Plaintiff's favor. Yet, the Court continues to find that judgment as a matter of law is premature. Thus, the Court did not err in its denial of summary judgment. The Court finds that the previous decision was a just decision. Furthermore, summary judgment must be considered with deference given to the non-moving party. There simply are not grounds present that warrant reconsideration.

The Court does understand that Defendant has not been present to oppose the motion or argue against it at hearing on the matter held August 25, 2011. The Court will not deem the absence of Defendant as non-opposition to the motion as it is the Court's impression that Defendant is now *pro se* and potentially absent for medical reasons.[5] Furthermore, the Court has an obligation to evaluate the merits of the motion where a Party has been absent. The Court does not find the motion to be meritorious even without an opposition present. The Court

---

[4] Plaintiff still fails to justify reconsideration even though he is correct about the contracts being non-mutually exclusive. Plaintiff continues to fails in persuading the Court that there are no issues as to material facts. Furthermore, Plaintiff failed to adequately address the Court's rationale in subsections B and C of its discussion on in the Decision and Order on Plaintiff's Summary Judgment. The Court also denied summary judgment because it found that Defendant may not have had the power to convey the subject matter of the contracts and because Defendant paid some amount of money to Plaintiff in an effort to satisfy Defendant's obligations. All these questions were posed by the Court in its denial of summary judgment and these questions must be decided before Plaintiff may maintain a favorable judgment.

[5] The Court is not confident that Defendant is actually handicapped, but there is evidence that Defendant suffers from a condition that could prevent him from understanding or being physically able to attend the Court process.

suggests that a default judgment will be the appropriate course of action if Defendant fails to defend the action.

## CONCLUSION

The Court continues to find that it did not commit clear error or make an earlier decision that was manifestly unjust. The Plaintiff's Motion for Reconsideration is DENIED.

So ORDERED this 14th day of August, 2012.

Original Signed By:
HON. VERNON P. PEREZ

HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

Dated at Hagatna, Guam

AUG 1 4 2012
20

Jacqueline S.C. Terlaje
Deputy Clerk, Superior Court of Guam

/ /

/ /

/ /

/ /

/ /